1 | PHILLIP A. TALBERT
United States Attorney
2 | STEPHANIE M. STOKMAN
Assistant United States Attorney
3 | 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 | Telephone:     (559) 497-4000
Facsimile:     (559) 497-4099
5 |
Attorneys for Plaintiff
6 | United States of America

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                    CASE NO.  1:20-CR-00002-DAD-BAM

12 |                          Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |                 v.                           FINDINGS AND ORDER

14 | SERGIO ALVARADO,                             DATE: August 10, 2022
                                                 TIME: 1:00 p.m.
15 |                          Defendant.          COURT: Hon. Barbara A. McAuliffe

16

17 |        This case is set for status conference on August 10, 2022.  On May 13, 2020, this Court issued

18 | General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 | notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 | U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 | judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 | May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 | were entered to address public health concerns related to COVID-19.

24 |        Although the General Orders and declarations of emergency address the district-wide health

25 | concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 | "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27
_____

28        [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1  for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

## STIPULATION

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1.      By previous order, this matter was set for status on August 10, 2022.

7  2.      By this stipulation, the government and defendant now move to set the matter for jury

8  trial on March 21, 2023, and to exclude time between August 10, 2022, and March 21, 2023, under

9  Local Code T4.

10  3.      The parties further request that the matter be set for a trial confirmation hearing on

11  February 20, 2023.

12  4.      The parties agree and stipulate, and request that the Court find the following:

13  a)      The government has represented that the discovery associated with this case

14  includes reports, photographs, and audio files. All of this discovery has been either produced

15  directly to counsel and/or made available for inspection and copying.

16  b)      The government has provided defendant with a plea agreement.

17  c)      Counsel for defendant desires additional time to further review discovery, discuss

18  potential resolution with his client and the government, and investigate and prepare for trial.

19  d)      The parties are prepared to set a trial date at the next status conference if there has

20  not been a resolution in this matter.

21  e)      Counsel for defendant believes that failure to grant the above-requested

22  continuance would deny him/her the reasonable time necessary for effective preparation, taking

23  into account the exercise of due diligence.

24  f)      The government does not object to the continuance.

25  g)      Based on the above-stated findings, the ends of justice served by continuing the

26  case as requested outweigh the interest of the public and the defendant in a trial within the

27  original date prescribed by the Speedy Trial Act.

28  h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    et seq., within which trial must commence, the time period of August 10, 2022 to March 21,

2    2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

3    T4] because it results from a continuance granted by the Court at defendant's request on the basis

4    of the Court's finding that the ends of justice served by taking such action outweigh the best

5    interest of the public and the defendant in a speedy trial.

6            i)      The parties also agree that this continuance is necessary for several reasons,

7    including but not limited to, the need to permit time for the parties to exchange supplemental

8    discovery, engage in plea negotiations, and for the defense to continue its investigation and

9    preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

10           5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

11   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12   must commence.

13           IT IS SO STIPULATED.

14

15   Dated:  August 8, 2022                          PHILLIP A. TALBERT
                                                     United States Attorney

16

17                                                   /s/ STEPHANIE M. STOKMAN
                                                     STEPHANIE M. STOKMAN
                                                     Assistant United States Attorney
18

19

20   Dated:  August 8, 2022                          /s/ MARK COLEMAN
                                                     MARK COLEMAN
21                                                   Counsel for Defendant
                                                     SERGIO ALVARADO
22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                   4
PERIODS UNDER SPEEDY TRIAL ACT

### **ORDER**

1

2       IT IS SO ORDERED that the status conference set for August 10, 2022, is vacated. A jury trial is

3   set for **March 21, 2023, at 8:30 a.m. before District Judge Dale A. Drozd**. Estimated time of trial is **8

4   days**. A trial confirmation is set for **February 21, 2023, at 9:00 a.m. before District Judge Dale A.

5   Drozd**. Time is excluded through trial pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

6

7   IT IS SO ORDERED.

8       Dated:   **August 8, 2022**                    /s/ *Barbara A. McAuliffe*  _
                                                        UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT